UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00103

**Marcia Slack,**
*Plaintiff,*

v.

**Outback Steakhouse of Florida, LLC,**
*Defendant.*

**OPINION AND ORDER**

Before the court is plaintiff's motion for new trial (Doc. 116), defendant's motion to strike plaintiff's reply in support of that motion (Doc. 128), plaintiff's motion for leave to file excess pages (Doc. 130), and plaintiff's motion to dismiss for lack of standing and to remand to state court (Doc. 132). Each is analyzed below.

**I. Motion for new trial (Doc. 116)**

"Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). A district court has great latitude to determine whether to grant a new trial based on trial error because it is in the best position to estimate the prejudicial impact of the error on the jury. *Cruthirds v. RCI, Inc.*, 624 F.2d 632, 635 (5th Cir. 1980).

Plaintiff argues that she is entitled to a new trial, this time a bench trial, for four reasons. The court, however, finds each reason unpersuasive. The motion for a new trial is thus denied.

**A. Alleged withholding of accident reports in discovery**

On cross-examination, the proprietor of the Outback location at issue stated that Outback had prepared 300–350 incident reports related to premises liability, whereas Outback produced only 16 of those to Slack. Doc. 116 at 5. Slack claims that Outback

"cherry picked" those produced reports, resulting in prejudice to Slack's case. Slack also argues prejudice from the court's instruction to the jury that this was a discovery dispute; Slack argues that this implied that she had waived her right to pursue additional incident reports. *Id.* at 6.

But the existence of more than 16 incident reports is not new evidence discovered at trial. Rather, Slack learned of that information during the deposition of Outback's proprietor. In his December 2020 deposition, he disclosed the restaurant's "big stack" of incident reports, coming to "two to three inches thick." Slack not only knew this, but she acted on it. After the deposition, she served a request for production of trip-and-fall reports going back five years and documents related to all other claims at the restaurant in question. Doc. 117-2 at 5. Outback, however, objected to the scope of that request for production and withheld documents based on its objections. Slack relented on the issue, never asking the court to overrule Outback's objections or compel production of the withheld documents.

The situation is like that in *Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 389 (5th Cir. 1989). There, the defendant argued that plaintiff's answers to an interrogatory did not comply with the discovery rules. But the Fifth Circuit held that defendant waived that complaint because defendant never moved to compel more specific answers nor opposed plaintiff's motion for a protective order. *Id.* The Fifth Circuit further held that, had defendant not waived this claim, it would have failed for lack of prejudice. *Id.*

Likewise here, Slack did not move to compel production or seek to have the court overrule Outback's objections to the document request. As such, Slack waived her complaint that Outback did not produce additional incident reports.

Moreover, even if Slack had not waived her claim, it fails for lack of prejudice. Outback had already turned over all the incident reports related to falls from the five years preceding Slack's fall. The "big stack" of 300–350 incident reports were reports about

*all incidents*—whether storm damage, assaults, etc.—not just reports related to falls. Slack identifies no testimony at trial that Outback impermissibly withheld 300 reports about *falls* at the restaurant. Slack thus has not shown prejudice either.

### B. Third-party liability of defendant's cleaning agency

Plaintiff argues that prejudicial error occurred when the court admitted into evidence defendant's exhibit 12, which included invoices for Cortez Cleaning Services. Plaintiff argues that the parties agreed in April 2020 that, in exchange for Slack dismissing as a defendant His Handiworks, LLC, Outback would not designate a cleaning and/or maintenance company as a responsible party under chapter 33 of the Texas Civil Practice and Remedies Code.

But Outback did not blame Cortez Cleaning at all, much less designate Cortez Cleaning as a responsible third party. Outback merely offered evidence about Cortez Cleaning to show that Outback had hired a service to clean the floors on a nightly basis, demonstrating Outback's reasonable care. This did not run afoul of the parties' agreement. Slack does not point to any instance at trial where Outback asserted Cortez Cleaning's liability or attempted to apportion fault or assign blame to Cortez Cleaning.

Perhaps recognizing this, Slack then argues that the invoices from Cortez Cleaning at least confused the jury because the verdict form asked about Outback's negligence "if any." There is no reasonable chance of jury confusion. The "if any" clearly referred to the issue of Outback's negligence, which asserted that it was not negligent at all. The verdict form obviously needed to say "if any" to avoid intimating that Outback was at fault at all. This is routine in jury instructions.

### C. The court's questioning of Slack's liability expert in the presence of the jury

Federal Rule of Evidence 614(b) provides that the court "may examine a witness regardless of who calls the witness." The court exercised this prerogative during trial, asking a few questions to Slack's liability expert to clarify matters for the jury. Plaintiff argues that the court should have asked those questions outside the

presence of the jury. But the court's questions were not voir dire questions. They went to the substance of the expert's opinion, intended to aid the jury in understanding the witness's opinion. In any event, Rule 614(b) is not limited to questions outside the presence of the jury.

In any event, plaintiff's argument is waived because she did not object to the court's questions at any point during trial. *See* Fed. R. Evid. 614(c) (outlining when a party may object). Accordingly, plain-error review applies. *United States v. Perez-Melis*, 882 F.3d 161, 164 (5th Cir. 2018). "Plain error is clear or obvious error that affects substantial rights of the defendant and seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Perez-Melis*, 882 F.3d at 164–65. A court may elicit facts not yet adduced or clarify those previously presented. *Id.* at 165. Slack has not identified the specific questions or testimony that supposedly constitutes clear or obvious error that affected her substantial rights. Nor has Slack shown that the asserted error seriously affects the fairness, integrity, or public reputation of judicial proceedings. No plain error exists.

### D.  Past lawsuits that plaintiff was involved in

Plaintiff argues that it was harmful error to allow other unrelated lawsuits Slack was involved in to be presented to the jury because it painted Slack as a "sue-happy plaintiff" who faked her fall. Plaintiff claims that this "wast[ed] over a day of [her] time and prejudiced Slack in the process." Doc. 116 at 10.

But defendant did not present Slack's involvement in other litigation for that reason. Instead, defendant presented that information to rebut Slack's evidence regarding causation and extent of injury from Outback's alleged negligence.

Slack's past automobile-accident lawsuit was relevant to this case because Slack claimed she sustained injuries to her spine at Outback. The circumstances leading to a spinal condition resulting from a car accident which predated the Outback incident are

plainly relevant to Slack's claims of physical pain and mental anguish.

Slack's Oklahoma lawsuit was relevant because it was probative evidence of Slack's cognitive capabilities after the alleged fall at Outback. Defendant was entitled to argue that Slack's ability to testify under oath after the Outback incident, without requesting any accommodations, should be considered in determining the extent of any injury from a fall at Outback.

Slack's lawsuit against her brother was relevant for essentially the same reason. Slack denied any problems with her memory in her deposition for that case, which occurred a year and a half after the Outback incident. Defendant was entitled to bring that litigation to the jury's attention as evidence regarding the existence and extent of the cognitive impairment claimed by Slack in this case.

## II. Motion to strike plaintiff's reply brief (Doc. 128); motion for leave to file excess pages (Doc. 130)

Defendant moves to strike plaintiff's reply brief in support of the motion for a new trial, arguing that the brief exceeds the page limit and brings up new issues that were not in plaintiff's motion or defendant's response. Plaintiff's reply does indeed violate the court's rules on page limits. *See* E.D. Tex. Local R. CV-7(a)(2). Nor has plaintiff shown good cause to exceed the page limits. Accordingly, the motion for leave to file excess pages (Doc. 130) is denied, and the motion to strike (Doc. 128) is granted. Plaintiff's reply is stricken.

Even were it not struck, the reply's arguments would not have changed the outcome of the motion for new trial. The new issues raised for the first time in the reply were also raised in plaintiff's motion to dismiss for lack of standing and remand to state court (Doc. 132), which is denied for the reasons stated below.

## III. Motion to dismiss and remand (Doc. 132)

Lastly, plaintiff moves to dismiss the case pursuant to Rule 12(h)(3) for lack of "standing." Doc. 132. That is a curious argument for a plaintiff to make, as the filing of a lawsuit typically

indicates the plaintiff's belief that he or she has standing. Of course, plaintiff may have soured on this lawsuit now that she has lost. But that does not negate her legal standing to have sued.

It appears that this filing is actually meant as a motion to join Cortez Cleaning as a defendant, as a tactic to destroy complete diversity and divest the court of subject-matter jurisdiction. But complete diversity exists now. And so does a final judgment. Until a party that destroys complete diversity is *actually* joined, the court is not divested of its jurisdiction. Had plaintiff wanted to join Cortez Cleaning and move to remand the case, she should have done so as soon as she learned of Cortez Cleaning's existence before trial. Plaintiff is not allowed to wait until after an unfavorable jury verdict and final judgment and, only then, raise the issue for the first time.

Slack does not state exactly when she learned of Cortez Cleaning as Outback's vendor for floor cleaning at the time of the incident. But it must have been before trial because plaintiff objected to Cortez Cleaning's invoices being admitted as one of Outback's exhibits. Doc. 72. Since plaintiff knew about Cortez Cleaning before trial, plaintiff could have moved the court for leave to add Cortez Cleaning before trial.

Of course, the motion might not have succeeded. Defendant argues that claims against Cortez Cleaning would have been barred by the statute of limitations. Slack might have attempted to identify an exception. But the salient point, at this juncture, is that Slack did not even attempt to add Cortez Cleaning before trial. The court had subject-matter jurisdiction at the time of trial and final judgment. Slack has not shown good cause for reopening the final judgment to allow a belated and forfeited motion to add as a defendant another company that she knew about before trial, especially in a premises-liability case where Outback did not blame a third party at trial. Plaintiff's motion to dismiss and remand (Doc. 132) is denied.

## Conclusion

Defendant's motion to strike plaintiff's reply (Doc. 128) is granted. Plaintiff's pending motions (Doc. 116, 130, 132) are all denied.

*So ordered by the court on April 20, 2022.*

J. CAMPBELL BARKER
United States District Judge